UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSE CARLOS DIAZ,

    Petitioner,

-vs-                                                Case No. 6:10-cv-335-Orl-36KRS

SECRETARY, DEPARTMENT
 OF CORRECTIONS, et al.,

    Respondents.
_____/

**ORDER**

    Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 25). Petitioner filed a reply to the response (Doc. No. 49).

I.    *Procedural History*

    Petitioner was charged by information with one count of robbery with a deadly weapon. A jury trial was held, and Petitioner was found guilty. The trial court adjudicated Petitioner guilty of the crime and sentenced him to imprisonment for a term of thirty years. Petitioner was also ordered to pay restitution in the amount of $10,000. Petitioner filed a

direct appeal with the Florida Fifth District Court of Appeal. While his direct appeal was pending, he filed a motion to correct sentencing error with the state trial court, which was granted in that the restitution amount was reduced to $9,000. The state appellate court subsequently affirmed *per curiam* Petitioner's conviction and sentence on August 2, 2005. Mandate was issued on August 19, 2005.

On April 12, 2006, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court,[1] which was dismissed without prejudice on May 17, 2006, because it did not contain the proper oath.

On June 14, 2006, Petitioner filed an amended Rule 3.850 motion. Petitioner subsequently filed amendments to the Rule 3.850 motion, and, on February 23, 2007, the state trial court entered an order denying all of Petitioner's claims. Petitioner appealed the denial, and, on May 22, 2007, the state appellate court affirmed the denial *per curiam*. Mandate was issued on July 26, 2007.

On November 13, 2007, Petitioner filed another Rule 3.850 motion, raising one claim: that he was entitled to relief based on newly discovered evidence. He then filed various amendments to the motion: on November 30, 2007, he filed an amended rule 3.850 motion; on January 17, 2008, he filed a motion to supplement the amended motion; on February 11, 2008, he filed a second amended Rule 3.850 motion; on June 25, 2008, he filed another Rule

---

[1] References to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing).

3.850 motion; and on August 8, 2008, he filed a motion to supplement the Rule 3.850 motion. However, Petitioner later voluntarily dismissed certain pending matters: on April 4, 2008, he filed a notice of voluntary dismissal of the motion to supplement filed on January 17, 2008; and, on October 23, 2008, he filed a notice of voluntary dismissal of his Rule 3.850 motion filed on June 25, 2008. Thus, after the voluntary dismissals, the following matters were pending: Petitioner's second amended Rule 3.850 motion filed on February 11, 2008, and the supplement filed on August 8, 2008.

The trial court entered an order on June 30, 2009, denying Petitioner's request for postconviction relief. The trial court noted that "all [of Petitioner's] Rule 3.850 claims had to be filed by August 19, 2007, or prior to the filing of [Petitioner's] previous Motion for Postconviction Relief, unless based on newly discovered evidence (or other exceptions, which [Petitioner] does not allege)." *See* Appendix O at 9. The trial court also found that Petitioner's claim did not constitute newly discovered evidence and disagreed with Petitioner's contention that "the facts in support of his claim were unknown to the trial court or counsel and could not have been ascertained through the exercise of due diligence." *Id*. The state appellate court affirmed the denial *per curiam* on December 15, 2009. Mandate was issued on February 8, 2010.

## II.     *Petitioner's Habeas Petition is Untimely*

### A.     *Legal Standard*

Pursuant to 28 U.S.C. § 2244,

> (d)(1)  A 1-year period of limitation shall apply to an application for

a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A)    the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

B.    *Discussion of Petitioner's Case*

In the present case, Petitioner's conviction became final under Florida law on August 19, 2005, when the state appellate court issued mandate with regard to his direct appeal. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("Under Florida law, a judgment against a criminal defendant becomes final upon issuance of the mandate on direct appeal."). However, under section 2244(d)(1)(A), the Court must include the time that Petitioner could have sought review with the United States Supreme Court. *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002). Thus, Petitioner's conviction, for purposes of §

2244(d)(1)(A), became final, at the latest, on October 31, 2005, which was ninety days after entry of the appellate court's order affirming *per curiam*. *See* Sup. Ct. R. 13(3).[2] Petitioner then had until October 31, 2006 absent any tolling, to file a federal habeas petition regarding his convictions. Petitioner's federal habeas petition was filed on February 26, 2010.

The instant habeas petition is untimely. Pursuant to section 2244(d)(2), the one year period is "tolled" for the time during which a *properly filed* state postconviction or collateral proceeding is pending.

Petitioner's first Rule 3.850 motion, which was filed on April 12, 2006, did not toll the one-year period of limitation. A Rule 3.850 motion must be presented under oath. *See* Fla. R. Crim. P. 3.850(c). Petitioner's April 12, 2006, Rule 3.850 motion was dismissed because it did not contain a proper oath. As a result, it was not "properly filed," because it failed to comply with Florida's written oath requirement. *See Delguidice v. Florida Department of Corrections*, 351 F. App'x 425, 428 (11th Cir. 2009). Thus, since Petitioner's "state post-conviction motion was not properly filed according to the state court's

---

[2]United States Supreme Court Rule 13(3) provides as follows:

The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

application of the written oath requirement, the one-year statute of limitations under the AEDPA is not tolled." *Hurley v. Moore*, 233 F.3d 1295, 1298 (11th Cir. 2000).

Petitioner's June 14, 2006, Rule 3.850 motion was properly filed and tolled the one-year period of limitation. When Petitioner filed his June 14, 2006, Rule 3.850 motion, 226 days of the one-year period of limitation had run. Those proceedings concluded on July 26, 2007, when the state appellate court issued mandate with regard to the appeal of the denial of his Rule 3.850 motion. Thus, the one-year period expired 139 days later on December 12, 2007, and the instant habeas petition is untimely.

Petitioner's November 13, 2007, Rule 3.850 motion, which had been amended, was not properly filed. The trial court denied the motion as untimely. As the Supreme Court stated in *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005), the state court's determination of untimeliness is "the end of the matter" in determining whether the document was properly filed for tolling purposes under section 2244(d)(2). Because Petitioner's November 13, 2007, Rule 3.850 motion was untimely, it did not toll the one-year limitations period. Thus, there was no properly filed tolling motion pending when the one-year limitations period expired.

Petitioner asserts that he complied with the one-year period of limitation because his November 13, 2007, Rule 3.850 motion was based on newly discovered evidence. Petitioner's underlying state court criminal case number was 48-2004-CF-2961. According to Petitioner, the corresponding "O.P.D. case number" for his state court criminal case was

6

identified in the state court records as 2004-073370.[3] According to Petitioner, on or around February 8, 2006, he requested "discovery of evidence related to case number 48-2004-CF-2961"and discovered that the actual corresponding O.P.D. case number was 2004-61045. Thus, Petitioner contends that, since O.P.D. case number 2004-073370 was not "interrelated with . . . trial court case number 48-2004-CF-4186," he was "erroneously sentenced for a crime not charged."[4]

The Supreme Court recognizes that the one-year period of limitation is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). However, a petitioner is entitled to equitable tolling only when it is demonstrated that 1) the petitioner "has been pursuing his rights diligently," and 2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 2562 (internal quotations and citations omitted). The Court rejects Petitioner's argument that he is entitled to equitable tolling based on newly discovered evidence. The trial court found that Petitioner's claim with regard to this matter did not constitute newly discovered evidence:

> Review of Ninth Judicial Circuit court records indicates that Defendant had three cases in 2004: 2004-CF-2961 (the above-styled case), which corresponded to OPD case number 04-76240; 2004-CF-4186, which corresponded to OPD case number 04-61045; and 2004-CF-2775, which corresponded to OPD case number 04-73370. Defendant was convicted in 2004-CF-2961 on September 30, 2004. He entered pleas in the other two cases on October 7, 2004, and he was sentenced in all three cases that same day.

---

[3] Petitioner did not clarify the abbreviation "O.P.D."; however, the Court will presume that it stands for Orlando Police Department.

[4] Interestingly, the Charging Affidavit and the State's Witness List both reflect the O.P.D. case number as 2004-76240. *See* Appendix 18, 29.

7

> Attorney Mike Martinko represented Defendant in all three cases. *See* charging affidavits, court minutes, judgments, and sentences. The discovery and other documents filed in these three cases have been continuously available through the Clerk of Court. Therefore, Defendant cannot establish that they constitute newly discovered evidence.

*See* Appendix O at 9. The Court agrees. Since the information regarding the OPD case numbers was available in the state court records the entire time of Petitioner's underlying criminal case, it was not newly discovered evidence. Therefore, this information was not new so as to excuse his delay in filing the instant petition.

Further, Petitioner acknowledges that he received this information in September 2006, yet he did not file the instant petition until *four years* later. Certainly, Petitioner did not engage in due diligence. Thus, Petitioner has not shown that he exercised his rights diligently or that some extraordinary circumstance stood in his way and prevented him from timely filing.

To the extent the Petitioner argues that he is entitled to equitable tolling based on actual innocence, the Court finds this argument to be without merit. To establish actual innocence, a habeas petitioner must demonstrate that "it is more likely than not that 'no reasonable juror' would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Here, Petitioner fails to state a colorable claim of actual innocence. The State presented ample evidence to support the jury's verdict.

Under the circumstances, Petitioner has failed to demonstrate that any tolling provisions render his petition timely or that he is entitled to review under any exceptions to the time-bar. Consequently, Petitioner's habeas petition is dismissed as time-barred.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Jose Carlos Diaz is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[5] Accordingly, a Certificate of Appealability is **DENIED** in this case.

---

[5]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 19th day of July, 2012.

Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-2 7/19
Counsel of Record
Jose Carlos Diaz